[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Billy Poindexter appeals his convictions for child endangering and obstructing official business. For the reasons set forth below, we affirm the judgment of the trial court.
In his first assignment of error, Poindexter claims that the trial court erred by admitting the hearsay statements of a witness pursuant to the excited utterance exception of Evid.R. 803(2). An out-of-court statement which would otherwise constitute inadmissible hearsay may be admissible as an excited utterance if the trial judge reasonably finds facts to indicate that the declarant observed a startling event, which produced sufficient nervous excitement in the declarant to still her reflective faculties. See State v. Duncan (1978), 53 Ohio St.2d 215,373 N.E.2d 1234. The trial court should be given wide discretion in its determination of whether a declarant was still under the influence of the startling event at the time of the offered statement. See id. at 219, 373 N.E.2d at 1237.
Our review of the record leads us to conclude that the admission of the witness's out-of-court statements was reasonable. The police officer testified that only thirty seconds passed between the witness's 911 call and the officer's arrival upon the scene, which was only a block from the police station. The witness was extremely frightened and nervous and was shaking and holding back tears. Poindexter's first assignment of error is overruled.
In his second assignment of error, Poindexter argues that his convictions were contrary to the manifest weight of the evidence and were based upon insufficient evidence. If the record contains substantial evidence to support all of the elements of the charged offense and that evidence is sufficiently probative of guilt, this court will not reverse on either the sufficiency or the weight of the evidence. See State v. Barnes (1987), 25 Ohio St.3d 203,495 N.E.2d 922; State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541.
The record demonstrates that Poindexter was "extremely intoxicated" and "outraged" as he grabbed his four-year-old son and dragged him across the street, away from the child's mother. Poindexter did so just after screaming at the child's mother, spitting at her, and threatening to break her neck. The arresting officer testified that he was obstructed in the performance of his duty by Poindexter's actions. As the officer attempted to interview the child's mother, Poindexter kept screaming, thereby interrupting the officer's investigation and further upsetting the mother. The officer testified, "[Poindexter] interrupted me probably three times, screaming and yelling, trying to charge the scene. I made him wait. He continually interrupted me." The officer told Poindexter to be quiet and that he would talk to him, but Poindexter refused to listen. At one point, Poindexter left the scene, despite the officer's admonition to remain on the street corner. Eventually, a neighbor allowed the officer into a nearby apartment building and told him Poindexter was in the back room. When the officer located him, Poindexter continued to be outraged and screaming, further interrupting the officer's investigation.
Based upon the officer's testimony, we hold that the state supported both the child-endangering offense and the obstructing-official-business offense with sufficient evidence. We also hold that the trial court properly weighed the evidence when it found Poindexter guilty of both offenses. Therefore, we overrule Poindexter's second assignment of error and affirm the judgment of the trial court.
 ______________________________ GORMAN, PRESIDING JUDGE
 SUNDERMANN and WINKLER, JJ.